**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**FREDDIE JAMES MCDOUGAL, JR.**

**Plaintiff,**

**v.** **Case No. 25-CV-1460**

**MILWAUKEE COUNTY,**

**Defendant.**

---

**ORDER**

---

Plaintiff Freddie James McDougal, Jr., who is incarcerated and is representing himself, filed a complaint under 42 U.S.C. § 1983. The court allowed him to proceed against Milwaukee County on a claim pursuant to *Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658 (1978) for alleged unconstitutional policies that restricted visitation, access to mail, access to legal work, and access to hygiene products during his stays at the Milwaukee County Jail from January through July, 2022, and again from January through August, 2025. (ECF No. 9.) On April 20, 2026, the defendant moved pursuant to Federal Rule 12(b)(6) to dismiss the complaint for failure to state a claim. (ECF No. 15.) The defendant listed two grounds: 1) the claim for the events that took place between January and July, 2022, are time-barred by the applicable statute of limitations; and 2) he does not state a claim under *Monell* because the Jail policies on their face are constitutional.

## LEGAL STANDARD

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim for relief that is plausible on its face.' . . . Factual allegations are accepted as true at the pleading stage, but 'allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion.'" *Adams v. City of Indianapolis,* 742 F.3d 720, 728-29 (7th Cir. 2014) (citations omitted). The allegations must "permit the court to infer more than the mere possibility of misconduct." *Olson v. Champaign Cty., Ill.*, 784 F.3d 1093, 1099 (7th Cir. 2015) (citations omitted). At this stage, the court should not ask whether the allegations actually occurred but instead should ask whether they could occur. *Id.*

## ANALYSIS

*The Claim Between January and July, 2022*

The court is able to resolve this portion of the motion by relying solely on the complaint. As such, the court can analyze this portion of the motion using the motion to dismiss standard. Section 1983 does not have a limitations period, so federal courts adopt the limitations period applicable to personal injury claims under state law. *Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013.) In Wisconsin, "the applicable residual statute for § 1983 claims is Wis. Stat. § 893.53." *D'aquisto v. Love,* No. 20-c-1034, 2020 WL 5982895 at *1, (E.D. Wis. Oct. 8, 2020). During the relevant time period, Wis. Stat. § 893.53 provided for a three-year statute of limitation period.

McDougal filed his complaint in this case on September 2, 2025. This is more than three years after the events that took place in January through June, 2022. As

such the court grants the defendant's motion to dismiss as to the claim that occurred between January through June 2022.

*The Claim Between January through August 2025.*

The defendant argues that the claim between January through August, 2025, must be dismissed because the Jail policies are, on their face, constitutional. In support of this argument, the defendant submitted a declaration that contains the policies. (ECF No. 17.) The defendant argues that Rule 12(b)(6) still applies because McDougal referred to the policies in his complaint. (ECF No. 16 at 2.) However, as the defendant itself points out, McDougal's references to the policies are vague, and he does not specifically name the policies. Under a *Monell* theory, a municipality can violate the constitution "through a wide-spread practice that although not authorized by written law and express policy, is so permanent and well-settled as to constitution a custom usage with force of law", *Johnson v. Cook County,* 526 Fed. App'x 692, 695 (7th Cir. 2013) (quotations omitted). Therefore, it is possible that McDougal was not referencing the policies the defendant provided with this motion. Thus, pursuant to Fed. R. Civ. P. 12(d), these materials cannot be considered without treating the motion as one for summary judgment under Fed. R. Civ. P. 56 and giving both parties "a reasonable opportunity to present all the material that is pertinent to the motion."

The court will convert the unresolved portion of the motion as a summary judgment motion. McDougal did not respond to the motion to dismiss. The court will give him one final opportunity to respond. If he does not file a response by **October 1**, the court will consider the defendant's motion as unopposed and accept all the facts

as undisputed, which will likely result in granting the defendant's motion for summary judgment, resulting in the dismissal of the case.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendant's motion to dismiss (ECF No. 15) is **GRANTED in part**. The court **DISMISSES** the claim based on events occurring between January through June, 2022. The court **WITHHOLDS** ruling on the portion of the motion for the claim that occurred between January and August, 2025. The court **CONVERTS** that portion of the motion to a summary judgment motion.

**IT IS FURTHER ORDERED** that McDougal has until **October 1** to file a response to the motion for summary judgment. Failure to do so by that deadline will result in the court accepting all facts as undisputed.

Dated in Milwaukee, Wisconsin this 1st day of September, 2026.

STEPHEN DRIES
United States Magistrate Judge